**BEVER PROPERTIES, L.L.C. and Jesse M. Taylor, D.D.S., P.A., Appellants,**

v.

**JERRY HUFFMAN CUSTOM BUILDER, L.L.C., a/k/a Jerry Huffman Custom Builders, L.L.C.; Plano Parkway Office Condominiums, a/k/a Plano Parkway Office Owners Association; Dr. Mary Ellen Kirwan, d/b/a Kirwan Chiropractic; Dr. JoJo Cheung, D.D.S., d/b/a Esthetic Image Dentistry, Appellees.**

No. 05–10–00323–CV.

Court of Appeals of Texas, Dallas.

Nov. 16, 2011.

Christopher A. Kalis, Law Office of Christopher Kalis, Plano, TX, Charles J.

Crawford, John R. Stooksberry, Abernathy, Roeder, Boyd & Joplin, P.C., McKinney, TX, for Appellants.

John D. Fraser, Shields Britton & Frasher PC, Plano, TX, Zachary Thomas Mayer, C. Jeffrey Novel, Joshua Sandler, Kane Russell Coleman & Logan PC, Lorin M. Subar, McGlinchey Stafford, PLLC, Dallas, TX, Jerry A. Alcorn, The Law Office of Jerry Alcorn, Garland, TX, for Appellees.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Appellants Bever Properties, L.L.C. and Jesse M. Taylor, D.D.S., P.A. appeal the summary judgments granted appellees Jerry Huffman Custom Builder, L.L.C., a/k/a Jerry Huffman Custom Builders, L.L.C.; Plano Parkway Office Condominiums, a/k/a Plano Parkway Office Owners Association; Dr. Mary Ellen Kirwan, d/b/a Kirwan Chiropractic; and Dr. JoJo Cheung, D.D.S., d/b/a Esthetic Image Dentistry, and the denial of appellants' motion for summary judgment. In three issues, appellants contend the trial court erred (1) in granting summary judgment in favor of appellee Huffman on a ground not addressed in appellees' motions and in granting summary judgment in favor of appellees because appellants' summary judgment evidence raised material issues of fact, (2) in granting appellees summary judgment on their requests for attorney's

fees because the grounds relied upon by appellees for recovery of attorney's fees cannot support such recovery, and (3) in denying appellants' request for summary judgment on appellees' recovery of attorney's fees because appellees are not entitled to recover attorney's fees as a matter of law. We affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand to the trial court for further proceedings consistent with this opinion.

## Background

This is an appeal of summary judgments granted by the trial court in a lawsuit brought by the owner of an office condominium unit, appellant Bever Properties, L.L.C. (Bever Properties), and the lessee of that unit, appellant Jesse M. Taylor, D.D.S., P.A. (Taylor D.D.S., P.A.), against the developer of the office condominium project, appellee Jerry Huffman Custom Builder, L.L.C., a/k/a Jerry Huffman Custom Builders, L.L.C. (Huffman); the office condominium association, Plano Parkway Office Condominiums, a/k/a Plano Parkway Office Owners Association (PPOC); and office condominium unit owners Dr. Mary Ellen Kirwan, d/b/a Kirwan Chiropractic (Kirwan), and Dr. JoJo Cheung, D.D.S., d/b/a Esthetic Image Dentistry (Cheung).

In April 2003, Huffman purchased real property located in Plano, Texas, for the purpose of developing an office condominium.[1] In September 2003, Huffman filed a condominium declaration (the Declaration).[2] Huffman sold three condominium

---

1. Under the Texas Uniform Condominium Act (TUCA), "condominium" means "a form of real property with portions of the real property designated for separate ownership or occupancy, and the remainder of the real property designated for common ownership or occupancy solely by the owners of those portions."

TEX. PROP.CODE ANN. § 82.003(a)(8) (West 2007).

2. Under the TUCA, "declaration" means "a recorded instrument, however denominated, that creates a condominium, and any recorded amendment to that instrument." TEX. PROP.CODE ANN. § 82.003(a)(11). The declaration for a condominium unit must contain any

units: the first and second units in November 2003 and January 2004 to Kirwan and Cheung, respectively, and the third unit in April 2004 to Bever Properties. Bever Properties was issued a special warranty deed with vendor's lien, which was subject to the Declaration. Bever Properties subsequently leased its condominium unit to Taylor, D.D.S., P.A.

Multiple disputes arose between appellants, on the one hand, and Cheung and Kirwan—the other unit owners and president and treasurer, respectively, of PPOC—and PPOC on the other hand.[3] The genesis of the disputes was appellants' desire to construct prominent signage at the location of the office condominium. Appellants filed this case against appellees alleging that Bever Properties purchased the condominium unit based, in part, upon assurances that prominent signage advertising the dental practice of Taylor, D.D.S., P.A. could be placed on the property of the office condominium. Appellants allege that appellees' actions, representations, and failures to disclose information misled appellants regarding signage and thwarted appellants' placement of the desired signage on the office condominium property. Appellants assert claims against appellees for declaratory relief, civil conspiracy, violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA), *see* Tex. Bus. & Com. Code Ann. § 17.41 (West 2011), conspiracy to violate the DTPA, fraud, conspiracy to defraud, negligent misrepresentation, statutory fraud, and for an accounting by PPOC. In addition, appellants assert

claims of breach of fiduciary duty against Cheung and Kirwan and a claim of breach of warranty against Huffman. After appellants filed this case against appellees, PPOC filed suit against Bever Properties seeking an injunction to enjoin appellants from violating use and occupancy restrictions in the Declaration and for attorney's fees, and that lawsuit was consolidated with this case. Kirwan filed a counterclaim against appellants seeking attorney's fees.

In October 2009, PPOC and Cheung filed no-evidence and traditional motions for summary judgment on appellants' claims against them and sought recovery of attorney's fees. Kirwan and Huffman filed joinders of PPOC and Cheung's motions for summary judgment and sought recovery of attorney's fees. On November 30, 2009, the trial court signed an order granting appellees' motions for summary judgment. That order states that appellants take nothing against appellees and the order disposes of all claims made by appellants against appellees. The order is silent on appellees' requests for recovery of attorney's fees.

In December 2009, PPOC and Cheung filed a traditional motion for partial summary judgment in connection with PPOC's suit for an injunction and sought recovery of attorney's fees. Kirwan and Huffman filed joinders of PPOC and Cheung's motion for partial summary judgment and sought recovery of attorney's fees. Appellants filed a no-evidence motion for sum-

---

restrictions on use, occupancy, or alienation of the units. Tex. Prop.Code Ann. § 82.055(9) (West 2007).

3. In a prior appeal, Bever Properties and Taylor, D.D.S., P.A. sought a declaration that PPOC is not cognizable as a condominium association under Texas law and cannot assert management authority over Bever Prop-

erties as a condominium unit owner. *Plano Parkway Office Condos. v. Bever Properties, LLC*, 246 S.W.3d 188, 191 (Tex.App.-Dallas 2007, pet. denied). We reversed the trial court's summary judgment granted in favor of Bever Properties and Taylor, D.D.S., P.A. and remanded the case to the trial court for further proceedings. *Id.* at 196–97.

mary judgment with respect to claims asserted in appellees' motions for partial summary judgment and sought recovery of attorney's fees.

On February 1, 2010, the trial court signed an "Order on Motions for Summary Judgment." That order denied PPOC's motion for partial summary judgment on its request for issuance of an injunction, granted summary judgment on appellees' claims for attorney's fees, and denied appellants' motion for summary judgment on appellees' claims for attorney's fees, with the amounts of attorney's fees to be determined.

On March 1, 2010, appellants and appellees filed a rule 11 agreement with the trial court. *See* TEX.R. CIV. P. 11. In the rule 11 agreement, the parties agreed to dismissal of all claims not previously decided by summary judgment. Further, without waiving objections to, or appeal of, the trial court's November 30, 2009 and February 1, 2010 orders, appellants stipulated to the amounts of appellees' attorney's fees.

On March 11, 2010, the trial court signed a "Final Judgment" denying PPOC's petition for an injunction, dismissing all other claims of appellees not previously adjudicated in the trial court's summary judgments, and awarding appellees judgment against appellants jointly and severally for attorney's fees as follows: $116,012.36 to Huffman; $38,000.00 to Kirwan; $139,315.00 to PPOC; and $6,165.00 to Cheung. The trial court's March 11, 2010 final judgment states that all other relief not expressly granted is denied and the judgment is final and appealable.

Appellants filed this appeal of the November 30, 2009 and February 1, 2010 summary judgment orders as merged into the March 11, 2010 final judgment. *See Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984) (quoting *Pan Am. Petroleum*

*Corp. v. Tex. Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 200–01 (1959)) ("In the absence of an order of severance, party against whom an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case."); *In re Guardianship of Miller III,* 299 S.W.3d 179, 184 (Tex.App.-Dallas 2009, no pet.) ("Once the trial court disposes of all parties and claims, the trial court's preceding interlocutory judgments or orders are merged into the final judgment whether or not the interlocutory judgments or orders are specifically named within the final judgment.").

## Summary Judgment Standards of Review

Appellees moved for traditional and no-evidence summary judgments, and appellants moved for a no-evidence summary judgment, relating to various claims made in this consolidated lawsuit. We review a trial court's decision to grant or deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.,* 253 S.W.3d 184, 192 (Tex. 2007) (citing standard for appellate review of grant of summary judgment and denial of cross-motion for summary judgment). Although a denial of summary judgment normally is not reviewable, we may review such a denial when both parties moved for summary judgment and the trial court grants one motion and denies the other. *Id.* In our review of such cross-motions, we review the summary judgment evidence presented by each party, determine all questions presented, and render the judgment that the trial court should have rendered. *Id.* (citing *Comm'rs Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997)).

The standard of review for a traditional summary judgment is well known. *See*

TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). We must determine whether the movant demonstrated that no genuine issues of material fact existed and it was entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX.R. CIV. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.-Dallas 2000, no pet.). We must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Tex. Wings, Inc.*, 12 S.W.3d at 833. When analyzing traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon*, 690 S.W.2d at 548–49; *Tex. Wings, Inc.*, 12 S.W.3d at 833.

### Appellees' October 2009 Motions for Summary Judgment and November 30, 2009 Order Granting Appellees' Motions for Summary Judgment

In October 2009, PPOC and Cheung filed no-evidence and traditional motions for summary judgment "on certain claims" alleged by appellants and sought dismissal of appellants' claims against them. Kirwan and Huffman filed joinders of PPOC and Cheung's October 2009 motions for summary judgment. On November 30, 2009, the trial court signed an order granting appellees' motions for summary judgment. That order states that appellants take nothing against appellees and the order disposes of all claims made by appellants against appellees.

■ The trial court's November 30, 2009 summary judgment order does not state the bases for the trial court's ruling. When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been granted by either asserting a separate issue challenging each possible ground, or asserting in a general issue that the trial court erred in granting summary judgment and providing argument negating all possible grounds upon which summary judgment could have been granted. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex.App.-Dallas 2009, pet. denied). If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground. *See id.; see also Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.-Dallas 2005, no pet.) ("[A] reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.").

### SUMMARY JUDGMENT ON CLAIMS NOT APPEALED

■ Appellants asserted claims against appellees for a declaratory judgment and a business accounting by PPOC. Appellants' brief on appeal contains no discussion of alleged error on the part of the trial court in granting summary judgment in appellees' favor on appellants' pleadings for a declaratory judgment or a business accounting. Rule 38.1(h) of the rules of appellate procedure requires that the body of appellants' brief contain a succinct, clear, and accurate statement of the arguments made in support of any relief requested. Failure to advance an argument, cite authority, make record references or otherwise brief an issue effects a waiver of that

issue on appeal. *See* Tex.R.App. P. 38.1(h); *see Shaw v. Trinity Highway Prods., LLC,* 329 S.W.3d 914, 920 (Tex.App.-Dallas 2010, no pet.); *Howell v. TS Commc'ns, Inc.,* 130 S.W.3d 515, 518 (Tex.App.-Dallas 2004, no pet.).[4] Therefore, we affirm the trial court's summary judgment on appellants' claims for declaratory relief and a business accounting by PPOC.

### Appellants' Claims Not Included in Appellees' Motions for Summary Judgment

■ PPOC and Cheung sought no-evidence and traditional summary judgment and dismissal of appellants' causes of action against them. PPOC and Cheung's motions for summary judgment provided appellants fair notice that PPOC and Cheung were seeking summary judgment on all of appellants' claims. *See Thomas v. Cisneros,* 596 S.W.2d 313, 316 (Tex.Civ. App.-Austin 1980, writ ref'd n.r.e.); *Conquistador Petroleum, Inc. v. Chatham,* 899 S.W.2d 439, 441–42 (Tex.App.-Eastland 1995, writ denied).

Kirwan's and Huffman's joinders of PPOC and Cheung's motions for summary judgment stated appellants' claims against them are "virtually identical" to those asserted against PPOC and Cheung. However, unlike PPOC and Cheung's motions for summary judgment on appellants' claims, Kirwan's and Huffman's prayers for relief specifically sought summary judgments on appellants' claims against them "for declaratory relief, breach of fiduciary duty,[5] civil conspiracy, violations of

the Texas DTPA, fraud, conspiracy to defraud, and a negligent misrepresentation."

Kirwan did not request summary judgment on appellants' claims against her for conspiracy to violate the DTPA, statutory fraud, or a business accounting. Huffman did not request summary judgment on appellants' claims against it for breach of warranty, conspiracy to violate the DTPA, statutory fraud, or a business accounting.[6] *See Tex. Emp'rs Ins. Ass'n v. Baeza,* 584 S.W.2d 317, 321 (Tex.Civ.App.-Amarillo 1979, no writ) ("Though mere matter of form is seldom controlling, yet where one asks for a specific relief which is consistent with his pleadings and there is no general prayer for relief, the special prayer must be regarded as evidencing the object of the plea and ordinarily will not entitle one to a judgment different from that for which he has prayed.").

■ A trial court can render summary judgment only on those grounds that are specifically addressed in a motion for summary judgment. *See Tex. Integrated Conveyor Sys. v. Innovative Conveyor Concepts, Inc.,* 300 S.W.3d 348, 365 (Tex. App.-Dallas 2009, pet. denied); *Wright v. Sydow,* 173 S.W.3d 534, 554 (Tex.App.-Houston [14th Dist.] 2004, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993)). Where, as here, the trial court grants more relief than the movants requested, we must reverse the summary judgment in part and remand to the trial court the claims not addressed in the summary judgment motions. *See Page v. Geller,* 941 S.W.2d 101, 102 (Tex.1997); *see also Pos-*

---

4. At oral argument, appellants conceded that there was no discussion in their brief regarding appellants' claim for an accounting and acknowledged that any claim for an accounting had been waived.

5. Appellants did not assert a claim against Huffman for breach of fiduciary duty.

6. Although Kirwan and Huffman did not move for summary judgment on appellants' claim for a business accounting, as noted above, appellants' claim for a business accounting was waived on appeal.

*tive Feed, Inc. v. Guthmann,* 4 S.W.3d 879, 881 (Tex.App.-Houston [1st Dist.] 1999, no pet.) ("When, as here, a trial court grants more relief by summary judgment than requested, by disposing of issues never presented to it, the interests of judicial economy demand that we reverse and remand as to those issues, but address the merits of the properly presented claims.").

The trial court erred in granting summary judgment in favor of Kirwan on appellants' claims against her for conspiracy to violate the DTPA and statutory fraud, and in granting summary judgment in favor of Huffman on appellants' claims against it for breach of warranty, conspiracy to violate the DTPA, and statutory fraud. Therefore, we reverse the summary judgment on appellants' claims against Kirwan for conspiracy to violate the DTPA and statutory fraud and appellants' claims against Huffman for breach of warranty, conspiracy to violate the DTPA, and statutory fraud.[7]

### APPELLEES' NO-EVIDENCE MOTIONS FOR SUMMARY JUDGMENT

■ In the October 2009 no-evidence motion for summary judgment of PPOC and Cheung, joined by Kirwan and Huffman, appellees state there is no evidence: appellants made a meaningful application for signage; appellees made representations to appellants to induce appellants to purchase their condominium unit; any appellee "other than Huffman" made representations to appellants concerning the sale of the real estate, signage or any other matter; to suggest appellees made any written agreements to modify a sales agreement to include appellees as representatives of Huffman or to authorize appellees to make representations on behalf of Huffman; appellees made representations that placement of signage in the Common Elements[8] was not regulated by the Declaration and condominium Bylaws; appellees took any action to prevent appellants from placing signage on the property; and, appellants had written permission to place a sign on the property as required in the Declaration.

■ After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. TEX.R. CIV. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas,* 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact. *Murray v. Ford Motor Co.,* 97 S.W.3d 888, 890–91 (Tex.App.-Dallas 2003,

7. Although there are causes of action which were not disposed of by interlocutory summary judgment, the trial court's final judgment unequivocally expressed that the order was final and appealable. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (if final disposition of case is unequivocally expressed in the words of order itself, then order is final and appealable, even though record does not provide an adequate basis for rendition of judgment); *see also In re Guardianship of Miller III,* 299 S.W.3d 179, 184 (Tex.App.-Dallas 2009, no pet.); *Pinnacle Data Servs., Inc. v. Gillen,* 104 S.W.3d 188, 199 (Tex.App.-Texarkana 2003, no pet.)

("Where, as here, a final summary judgment has disposed of a case and included causes of action not addressed in the underlying motion, that judgment is erroneous and must be affirmed as to the causes of action properly adjudged and remanded as to those causes of action not addressed in the underlying motion.").

8. Under the TUCA, "common elements" means "all portions of a condominium other than the units and includes both general and limited common elements." TEX. PROP.CODE ANN. § 82.003(a)(5).

no pet.). However, that burden only applies to the elements actually challenged by the no-evidence motion. *See Praytor v. Ford Motor Co.,* 97 S.W.3d 237, 241 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

In a no-evidence motion for summary judgment, the movant must specifically state which elements of the nonmovant's claims lack supporting evidence. Tex.R. Civ. P. 166a(i); *see also Fort Worth Osteopathic Hosp., Inc. v. Reese,* 148 S.W.3d 94, 99 (Tex.2004) (to prevail on no-evidence summary judgment motion, movant must allege there is no evidence of an essential element of adverse party's cause of action). Rule 166a(i) states "[t]he motion *must* state the elements as to which there is no evidence." Tex.R. Civ. P. 166a(i) (emphasis added). Moreover, a comment to rule 166a(i), which "is intended to inform the construction and application of the rule," states, "The motion *must* be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions for general no-evidence challenges to an opponent's case." Tex.R. Civ. P. 166a, 1997 cmt. (West 2004) (emphasis added). A no-evidence motion for summary judgment that only generally challenges the sufficiency of the nonmovant's case and fails to identify the specific elements of the nonmovant's claim or claims that lack supporting evidence is fundamentally defective and insufficient to support summary judgment as a matter of law. *See Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 829 n. 2 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *see also Mott v. Red's Safe and Lock Services, Inc.,* 249 S.W.3d 90, 98 (Tex. App.-Houston [1st Dist.] 2007, no pet.)

("Because Rule 166a(i) uses the unconditional term 'must' in expressly directing no-evidence summary judgment movants to state the elements as to which there is no evidence, we decline to extend a 'fair notice' exception to the elements requirement of a no-evidence motion for summary judgment."); *Roventini v. Ocular Scis., Inc.,* 111 S.W.3d 719, 722 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (noting that the "motion must specify which essential elements of the opponent's claim or defense lack supporting evidence").

Appellees devote slightly over three pages of their October 2009 motions for summary judgment to argument supporting a no-evidence summary judgment. The argument only generally challenges the sufficiency of appellants' case and does not identify the specific elements of appellants' claims that lack supporting evidence.[9] Accordingly, appellees' no-evidence motions for summary judgment fail to meet the requirements of rule 166a(i). We conclude the trial court erred to the extent it granted appellees' no-evidence motions for summary judgment.

### APPELLEES' TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT

Appellants' remaining claims subject to appellees' motions for traditional summary judgment are: civil conspiracy, violations of the DTPA, fraud, conspiracy to defraud, and negligent misrepresentation against all appellees; breach of fiduciary duties against Cheung and Kirwan; and conspiracy to violate the DTPA and statutory fraud against PPOC and Cheung.

---

9. In his brief, Huffman acknowledged that his no-evidence motion for summary judgment "did not expressly identify" the essential elements of appellants' causes of action for which Huffman asserted there was no-evidence. At oral argument, counsel for PPOC, Cheung, and Kirwan stated that their no-evidence motions for summary judgment were "catch alls" and their traditional motions for summary judgment were the cruxes of their arguments.

When a defendant moves for summary judgment, he must state specific grounds for relief. Tex.R. Civ. P. 166a(c); *McConnell*, 858 S.W.2d at 341. "The term 'grounds' means the reasons that entitle the movant to summary judgment, in other words, 'why' the movant should be granted summary judgment." *Garza v. CTX Mortg. Co., L.L.C.*, 285 S.W.3d 919, 923 (Tex.App.-Dallas 2009, no pet.). If the grounds for summary judgment are not clear, the general rule is that the nonmovant must specially except to preserve error. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 175 (Tex. 1995) (citing *McConnell*, 858 S.W.2d at 342). However, the nonmovant need not object if the grounds for summary judgment are not expressly presented in the motion itself, rendering the motion insufficient as a matter of law. *See McConnell*, 858 S.W.2d at 342. Grounds are sufficiently specific if they give "fair notice" to the nonmovant. *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex.App.-Austin 1995, writ denied).

To dispose of the plaintiff's case, the defendant's summary judgment motion must identify each of the plaintiff's claims and address the essential elements of those claims on which the defendant contends no genuine issue of material fact exists. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). In determining whether the grounds are expressly presented, we look only to the motion itself; we do not rely on briefs or summary judgment evidence. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex.1997). And "we are not required to 'read between the lines to infer or glean from the pleadings or proof, any grounds' for summary judgment." *Davis v. First Indem. of Am. Ins. Co.*, 56 S.W.3d 106, 110 (Tex.App.-Amarillo 2001, no pet.) (quoting *McConnell*, 858 S.W.2d at 343).

Appellees devote slightly over three pages of their October 2009 motions for summary judgment to argument supporting traditional summary judgment. Most of that argument relates to issues not before us in this appeal. However, appellees' motions for summary judgment contain two paragraphs, both numbered "20," which do appear to relate to issues before us.[10] The argument presented in the para-

---

10. The two paragraphs numbered "20" of appellees' motions for summary judgment state the following:

> 20. Plaintiffs contend that the Defendants have conspired against them and defendants, Cheung and Kirwan and (sic) have breached a fiduciary duty. A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.... In fact, while the Plaintiffs may not like their voting position, as a matter of law, there is no conspiracy. To this, the appeals (sic) made it clear that the Condominium Association can "assert management authority over the unit owners." ... Plaintiffs entered into the initial contract knowing what their rights and liabilities would be, and understanding that the ultimate control of the complex was in the hands of an association which it could—or

possible (sic) could not—control. Needless to say, had one of the other voting members been of a mind to join the Plaintiffs, this litigation may have been put forth by a different "odd-man-out;" however not being able to conjure a majority toward your stance does not make for either an actionable offence, conspiracy or breach of fiduciary duty.

> 20. (sic) Plaintiffs contend Defendants have engaged in fraud, statutory fraud, negligent misrepresentation and [DTPA] violations by making representations the Plaintiffs were promised a sign by the Defendants. Again, Plaintiffs agreed to the Declaration when they purchased their condominium unit. They now, and only after agreeing to the Declaration, seek to nullify the same. Plaintiffs entered into the initial contract knowing what their rights and liabilities would be, and understanding that the ultimate control of the complex

graphs numbered 20 is cursory. We will attempt to determine as to each of appellants' claims whether grounds for traditional summary judgment were "expressly presented" in these two paragraphs of appellees' motions and whether by stating any such grounds, and offering evidence in support of them, appellees met their burden to disprove an essential element of each of appellants' claims. *See* Tex.R. Civ. P. 166a(c); *McMahon Contracting, L.P. v. City of Carrollton,* 277 S.W.3d 458, 468 (Tex.App.-Dallas 2009, pet. denied) (failure to identify which cause of action addressed by summary judgment points not fatal to motion if court able to determine from motion grounds "expressly presented").

### Civil Conspiracy

■ In the first paragraph 20 of their motions for summary judgment, appellees state, "Plaintiffs contend that the Defendants have conspired against them and defendants, Cheung and Kirwan and [sic] have breached a fiduciary duty." Appellees argue that as a matter of law there is no conspiracy.

■ The essential elements of a claim of civil conspiracy include: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *See Times Herald Printing Co. v. A.H. Belo Corp.,* 820 S.W.2d 206, 216 (Tex.App.-Houston [14th Dist.] 1991, no writ). Appellants' pleading

alleges that "defendants" entered into "an agreement or understanding by common design, to impair Plaintiffs' property rights." With regard to appellants' claim of civil conspiracy, appellees' motions for summary judgment suggest only that the ultimate control of the condominium complex was within the domain of PPOC. However, neither Huffman, Kirwan, or Cheung addressed appellants' allegations regarding their alleged conspiratorial activities, such as "meeting without the presence or knowledge of the Plaintiffs in an attempt to preclude Plaintiffs from erecting their desired signage." PPOC did not address appellants' civil conspiracy claims, including the claim that Kirwan, Cheung, PPOC, and a nonparty alleged to own property adjacent to the condominium, presented a fraudulent document to the City of Plano in a failed attempt to induce the arrest of Bever Properties' manager and the denial by the City of Plano of the sign permit sought by Bever Properties. Moreover, in appellants' summary judgment proof in response to the appellees' motions for summary judgment, the affidavit of Cathy Taylor, President of Bever Properties and business manager of Taylor, D.D.S., P.A.,[11] avers that "[w]e have no sign because Defendants JoJo Cheung and Mary Ellen Kirwan have refused to meet with us, and have actively conspired with Defendant Huffman to prevent approval of our sign."

We conclude that a genuine issue of material fact exists with regard to appellants' claims of civil conspiracy against ap-

---

was in the hands of an association which it could—or possible (sic) could not—control. To this, the appeals (sic) made it clear that the condominium Association can "assert management authority over the unit owners." ... The appeals court made it clear the Owners Association is valid and therefore, the Owners Association can assert management authority over unit owners by excepting, rejecting, modifying or taking

any action concerning the placement or use of signage by Owners Association members. It is impossible for the Plaintiffs to reasonably rely on an alleged representation that is unenforceable as a matter of law.
(Citations omitted).

11. Appellants and appellees submitted and relied on the September 3, 2009 affidavit of Cathy Taylor as summary judgment proof.

pellees. We therefore reverse the trial court's summary judgment in favor of appellees on appellants' claims of civil conspiracy.

### Breach of Fiduciary Duties

 Appellants' pleading asserts that Kirwan and Cheung, as officers and directors of PPOC, owed duties to appellants, including duties against self-dealing and duties of honesty, fidelity, and loyalty. Appellants plead that Kirwan and Cheung have breached their fiduciary duties.

 The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.-Dallas 2006, pet. denied). The TUCA provides that "[e]ach officer or member of the board [of the unit owners' association] is liable as a fiduciary of the unit owners for the officer's or member's acts or omissions." TEX. PROP.CODE ANN. § 82.103(a) (West 2007).[12] An officer or director of the unit owners' association is not liable to the association or any unit owner for monetary damages for an act or omission occurring in the person's capacity as an officer or director unless the officer or director breached a fiduciary duty to the association or a unit owner. TEX. PROP. CODE ANN. § 82.103(f)(1).

Appellants' pleading alleges numerous instances in which condominium association officers Kirwan and Cheung acted in disregard of provisions of the Declaration, including allowing subtenants in violation of the Declaration, permitting Kirwan's delinquency in payment of condominium assessments, entering into contractual arrangements with other entities in contravention of the Declaration, and "self-serving and illegal actions of Cheung and Kirwan (acting to cover up the wrongdoings of Huffman)." Kirwan and Cheung failed to address these factual allegations in their motions for summary judgment, relying solely on the statement in the first paragraph 20 of their motions that the appellants knew what their rights and liabilities were pursuant to the Declaration and understood "that the ultimate control of the complex was in the hands of the association." This statement alone does not satisfy appellees' burden to disprove an essential element of appellants' cause of action for breach of fiduciary duties.

We conclude the trial court erred in granting summary judgment in favor of Kirwan and Cheung on appellants' claim of breach of fiduciary duties. We therefore reverse the trial court's summary judgment in favor of Kirwan and Cheung on appellants' claims of breach of fiduciary duties.

### Fraud and Negligent Misrepresentation

 In the second paragraph 20 of their motions for summary judgment, appellees state, "Plaintiffs contend Defendants have engaged in fraud ... [and] negligent misrepresentation ... by making representations the Plaintiffs were promised a sign by the Defendants." An essential element of appellants' claims of fraud and negligent misrepresentation is the existence of a representation. To prevail on a fraud claim, the plaintiff must show "a material misrepresentation, which

12. Under the TUCA, "board" means the board of directors or the body, regardless of the name, designated to act on behalf of unit owners' association. TEX. PROP.CODE ANN. § 82.003(a)(4).

was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994)). Elements of a negligent misrepresentation claim are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 791 (Tex.1999).

■ On appeal, appellants' arguments relating to fraud and negligent misrepresentation concern appellants' reliance on Huffman's alleged misrepresentations. In their brief, the only reference to PPOC, Cheung, and Kirwan with regard to the claims of fraud and negligent misrepresentation is a statement that at the same time Huffman was making representations to appellants regarding signage, Huffman was in active concert with PPOC, Cheung, and Kirwan to prevent appellants from installing their intended signage. Appellants' brief contains no argument regarding alleged representations by PPOC, Cheung, or Kirwan. Failure to advance an argument, cite authority, make record references or otherwise brief an issue effects a waiver of that issue on appeal. *See* TEX.R.APP. P. 38.1(h); *Trinity Highway Prods., LLC,* 329 S.W.3d at 920.

■ However, with regard to appellants' claims of fraud and negligent mis-representation against Huffman, appellants' summary judgment proof contains evidence regarding Huffman's alleged misrepresentations to appellants. Cathy Taylor states in her affidavit, submitted as summary judgment proof by appellants and appellees, that on several occasions throughout the condominium construction process, Jerry Huffman and other representatives of Huffman told her and Jesse Taylor that the condominium property would not be "restricted by the same association guidelines" as other Huffman properties, and the sign appellants decided to install would be limited only by applicable regulations of the City of Plano. Cathy Taylor states that appellants signed the sales agreement with Huffman for purchase of the condominium property with the specific understanding that any sign they installed would be restricted only by the requirement that a sign permit be obtained from the City of Plano and that there would be no condominium association restrictions regarding signage. A genuine issue of material fact exists with regard to appellants' claims of fraud and negligent misrepresentation against Huffman.

We affirm the trial court's summary judgment in favor of PPOC, Cheung, and Kirwan on appellants' claims of fraud and negligent misrepresentation. We reverse the trial court's summary judgment on appellants' claims of fraud and negligent misrepresentation against Huffman.

### Statutory Fraud

■ Section 27.01 of the Texas Business and Commerce Code provides a statutory cause of action for fraud in a real estate transaction. *See* TEX. BUS. & COM. CODE ANN. § 27.01 (West 2009). Such fraud occurs if: (1) a person makes a false representation of a past or existing material fact in a real estate transaction to anoth-

er person for the purpose of inducing the making of a contract; and (2) the false representation is relied on by the person entering into the contract. *Id.* at § 27.01(a)(1).

With regard to appellants' claims of statutory fraud against PPOC and Cheung, appellees' summary judgment proof includes the affidavit of Cathy Taylor and the attached March 2003 Sales Agreement for purchase of the Bever Properties condominium unit from Huffman. According to Cathy Taylor's affidavit, it was sometime after Huffman sold the second condominium unit to Cheung in January 2004, that Huffman provided Cathy Taylor with contact information for the owners of the other condominium units, Kirwan and Cheung. Thus, appellants did not communicate with Cheung until well after execution of the Sales Agreement for the Bever Properties condominium unit, and the summary judgment proof established that Cheung did not make a false representation to appellants in conjunction with the purchase of the Bever Properties condominium unit. Cathy Taylor's affidavit also avers that Huffman represented that the three condominium unit owners—Bever Properties, Kirwan, and Cheung—"would develop and form the owners association if it was needed, not Huffman Properties." The summary judgment proof established that PPOC was not "formed" until after execution of the Sales Agreement for the Bever Properties condominium unit. Therefore, the summary judgment proof established that PPOC did not make a representation to appellants in conjunction with the purchase of the Bever Properties condominium unit.

Appellees PPOC and Cheung demonstrated that no genuine issue of material fact exists on appellants' claims of statutory fraud against them, and PPOC and Cheung were entitled to summary judg-ment on appellants' claims of statutory fraud as a matter of law. We affirm the trial court's summary judgment in favor of PPOC and Cheung on appellants' claim of statutory fraud.

### DTPA Violations

In their pleading, appellants claim multiple violations of the DTPA by appellees. Appellants claim appellees violated sections 17.46(b)(2), (3), (5), (7), (12), and (24) of the business and commerce code as a result of representations made or failures to disclose. *See* TEX. BUS. & COM.CODE ANN. §§ 17.46(b)(2), (3), (5), (7), (12), and (24) (West 2011). However, on appeal, appellants only contest the summary judgment granted Huffman on their DTPA claims. Failure to advance an argument, cite authority, make record references or otherwise brief an issue effects a waiver of that issue on appeal. *See* TEX.R.APP. P. 38.1(h); *Trinity Highway Prods., LLC,* 329 S.W.3d at 920. Therefore, we affirm the trial court's summary judgment in favor of PPOC, Cheung, and Kirwan on appellants' claims of DTPA violations of sections 17.46(b)(2), (3), (5), (7), (12), and (24) of the business and commerce code.

With regard to appellants' claim of DTPA violations by Huffman, appellees' motions for summary judgment assert that appellants could not have relied on representations regarding prominent signage because appellants were subject to management authority of the unit owners' association and the association's actions concerning use and placement of signage. As discussed above, appellants' summary judgment proof contains evidence regarding Huffman's alleged misrepresentations to appellants. By affidavit, Cathy Taylor states that on several occasions throughout the condominium construction process, Jerry Huffman and other representatives of Huffman, told her and Jesse Taylor that

the condominium property would not be "restricted by the same association guidelines" as other Huffman properties, the sign appellants decided to install would be limited only by applicable regulations of the City of Plano, and that there were no owners' association restrictions regarding signage. Cathy Taylor further states that appellants signed the sales agreement for the condominium property with the specific understanding that any sign they installed would be restricted only by the requirement of obtaining a sign permit from the City of Plano and that there would be no condominium association restrictions regarding signage.

We conclude that a genuine issue of material fact exists with regard to claims of DTPA violations against Huffman based on Huffman's alleged representations or failures to disclose. Therefore, we reverse the trial court's summary judgment in favor of Huffman on appellants' claims of violations of sections 17.46(b)(2), (3), (5), (7), (12), and (24) of the business and commerce code.

■ Appellants also plead appellees have engaged in an unconscionable action or course of action in violation of section 17.50(a)(3) of the business and commerce code. See TEX. BUS. & COM.CODE ANN. § 17.50(a)(3) (West 2011) (a consumer may maintain an action where any unconscionable action or course of action by any person constitutes a producing cause of economic or mental anguish damages). On appeal, appellants assert that appellees' motions for summary judgment failed to address the "distinct" claim that appellees engaged in an unconscionable action or course of action. We agree.

Appellants alleged both an unconscionable action or course of action in violation of section 17.50(a)(3) of the business and commerce code and false, misleading, or deceptive acts or practices in violation of section 17.46(b) of the business and commerce code. The two claims are distinct and either will support recovery. See *Mays v. Pierce,* 203 S.W.3d 564, 571–72 (Tex.App.-Houston [14th Dist.] 2006, pet. denied); *see also Teague v. Bandy,* 793 S.W.2d 50, 54 (Tex.App.-Austin 1990, writ denied) (DTPA permits consumer to maintain an action where any deceptive trade practice enumerated in section 17.46 is a producing cause of consumer's actual damages; DTPA also provides that consumer may maintain an action where any person's unconscionable action or course of action is a producing cause of consumer's actual damages). With regard to appellants' DTPA claims, appellees' motions for summary judgment argue generally that appellants could not have relied on representations regarding prominent signage, because appellants were subject to management authority of the unit owners' association and the association's actions concerning use and placement of signage. However, section 17.50(a)(3) contains no reliance requirement. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(3); *cf.* TEX. BUS. & COM.CODE ANN. § 17.50(a)(1) (consumer may maintain an action based on use or employment of false, misleading, or deceptive act or practice enumerated in section 17.46(b) that is relied on by a consumer to the consumer's detriment).

Appellees' motions for summary judgment do not address appellants' claims of violation of section 17.50(a)(3) of the business and commerce code.[13] As a result, we reverse the trial court's summary judg-

---

**13.** At oral argument, Huffman's counsel acknowledged he did not dispute that Huffman's motion for traditional summary judg- ment did not address appellants' claim of unconscionability under the DTPA.

ment in favor of appellees on appellants' claim of violation of section 17.50(a)(3) of the business and commerce code.

### Conspiracy to Defraud and Conspiracy to Violate the DTPA

■ Appellees' motions for summary judgment did not refer to appellants' claims against appellees for conspiracy to defraud and the claims remaining against PPOC and Cheung for conspiracy to violate the DTPA. The motions did not identify any element of those claims for which they contended no genuine issue of material fact exists. Consequently, we conclude that appellees' traditional motions for summary judgment do not support summary judgment in favor of appellees on appellants' claims for conspiracy to defraud and in favor of PPOC and Cheung on appellants' claim for conspiracy to violate the DTPA. *See Victoria Lloyds Ins. Co.,* 797 S.W.2d at 27. As a result, we reverse the trial court's summary judgment in favor of appellees on appellants' claims of conspiracy to defraud and in favor of PPOC and Cheung on appellants' claim of conspiracy to violate the DTPA.

We sustain in part and overrule in part appellants' first issue.

### Appellees' December 2009 Traditional Motions for Partial Summary Judgment and Appellants' December 2009 No–Evidence Motion for Summary Judgment, and February 1, 2010 Order

We next consider appellants' contentions in their second and third issues that the trial court erred in granting appellees' December 2009 traditional motions for summary judgment on their requests for attorney's fees because none of the grounds relied upon by appellees can support an award of attorney's fees, and in denying appellants' December 2009 no-evidence motion for summary judgment seeking denial of appellees' claims for attorney's fees.

In December 2009, PPOC and Cheung filed a traditional motion for partial summary judgment on PPOC's request for an injunction to enjoin appellants from violating use and occupancy restrictions of the Declaration and for attorney's fees. PPOC asserted it was entitled to attorney's fees under section 82.161 of the TUCA based on its status as a plaintiff in its original suit seeking an injunction against Bever Properties that was consolidated into this case. PPOC also asserted entitlement to attorney's fees under section 38.001(8) of the civil practice and remedies code because it filed suit seeking an injunction to enforce a contract—the Declaration. PPOC and Cheung asserted entitlement to attorney's fees under section 82.161 of the TUCA, because they were defendants in the suit filed by appellants, and under section 3.11 of the Declaration. Kirwan and Huffman filed joinders of PPOC and Cheung's motion for partial summary judgment, seeking their own attorney's fees.

On February 1, 2010, the trial court signed an order on appellees' motions for partial summary judgment and appellants' no-evidence motion for summary judgment on appellees' claims for an injunction and attorney's fees.[14] That order denied the motion for partial summary judgment on PPOC's request for an injunction against Bever Properties; granted summary judgment on appellees' claims for attorney's fees, with the amounts to be determined; and denied appellants' motion for sum-

---

14. The trial court's February 1, 2010 order incorrectly identifies appellees' motions for partial summary judgments as no-evidence motions. Appellees' motions for partial summary judgments were traditional motions for summary judgment.

mary judgment seeking denial of appellees' claims for attorney's fees. The order does not state the bases for the trial court's ruling granting attorney's fees to appellees.

### Section 38.001(8) of the Civil Practice and Remedies Code

In their December 2009 motions for partial summary judgment, appellees PPOC, Kirwan and Huffman claim entitlement to their attorney's fees for breach of contract under civil practice and remedies code section 38.001(8). *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (West 2008) (person may recover reasonable attorney's fees from individual or corporation if claim is for an oral or written contract).[15] However, no appellee asserted a cause of action against appellants for breach of contract. Moreover, Huffman is not a condominium unit owner and not a party to the Declaration; accordingly the Declaration does not constitute a basis for Huffman asserting a breach of contract claim. *See Allan v. Nersesova,* 307 S.W.3d 564, 570 (Tex.App.-Dallas 2010, no pet.) (condominium unit owner accepts the terms, conditions, and restrictions in the condominium declaration, and the restrictions in the declaration form a contract between the parties); *see also Petras v. Criswell,* 248 S.W.3d 471, 477 (Tex.App.-Dallas 2008, no pet.) (first necessary element for successful breach of contract claim is a valid, enforceable contract). Therefore, the trial court erred to the extent it granted summary judgment awarding appellees their attorney's fees based on section 38.001(8) of the civil practice and remedies code.

### Paragraph 3.11 of the Declaration

In PPOC and Cheung's December 2009 motion for partial summary judgment, as joined by Kirwan and Huffman, they contend paragraph 3.11 of the Declaration entitles them to recover attorney's fees. In their motions, appellants state their summary judgment evidence consists of "Exhibit A (The Condominium Declaration For Plano Parkway Office Condominiums)" to PPOC and Cheung's prior October 2009 motions for summary judgment. However, Exhibit A to the October 2009 motions for summary judgment is not the Declaration for the PPOC.[16] Indeed, the only Declaration contained in the record that was filed in advance of the appellees' motions for partial summary judgment is the Declaration attached to appellants' original and first amended petitions.

Paragraph 3.11 of the Declaration as attached to plaintiffs' original and first amended petitions contains no provision for recovery of attorney's fees. That paragraph provides:

> Failure to comply with any of the [provisions of the Declaration, bylaws, and the decisions and resolutions of the Association] shall be grounds for an action to recover sums due for damages or for injunctive relief, or both, maintainable by the Association on behalf of the Owners or, in proper case (sic), by an aggrieved Owner against another Owner or against the Association.

The record here does not provide support for appellees' recovery of their attorney's fees pursuant to paragraph 3.11 of the Declaration. Therefore, the trial court erred to the extent it granted summary judgment awarding appellees their attorney's fees based on paragraph 3.11 of the Declaration.

---

15. Cheung did not move for recovery of his attorney's fees under section 38.001(8).

16. Exhibit A to the October 2009 motions for summary judgment is a copy of PPOC's Bylaws.

SECTION 82.161 OF THE TEXAS UNIFORM
CONDOMINIUM ACT

The only remaining ground for appellees' December 2009 motions for partial summary judgment on their attorney's fees is section 82.161 of the TUCA. Appellees moved for summary judgment as "prevailing parties" under section 82.161 of the TUCA. Section 82.161(b) provides that "[t]he prevailing party in an action to enforce the declaration, bylaws, or rules is entitled to reasonable attorney's fees and costs of litigation from the nonprevailing party." TEX. PROP.CODE ANN. § 82.161(b) (West 2007). PPOC asserted it was entitled to summary judgment as a matter of law on its claim for attorney's fees as a prevailing party in its original suit seeking an injunction against Bever Properties. PPOC and appellees Cheung, Kirwan, and Huffman asserted they were entitled to summary judgment as a matter of law on their claims for attorney's fees under section 82.161 because they were prevailing parties as defendants in the suit filed against them by appellants.

PPOC was not a "prevailing party" with regard to its application for an injunction; PPOC's application for injunction was denied by the trial court in its February 1, 2010 order and PPOC has not appealed that trial court determination. In light of our reversal of the summary judgments in favor of appellees on a number of appellants' claims, we conclude the issue of appellees' attorney's fees must be reversed and remanded to the trial court for reconsideration. *See State Farm Lloyds v. C.M.W.,* 53 S.W.3d 877, 894–95 (Tex.App.-Dallas 2001, pet. denied) (reversing and remanding attorney's fees awarded under Declaratory Judgment Act "because the record does not reflect the trial court's reasons for its award of fee to [the prevailing party], there is no evidence to indicate whether the trial court's award of fees would also be equitable and just in light of our opinion in this case").

We reverse the trial court's summary judgment awarding attorney's fees to PPOC, Cheung, Kirwan, and Huffman. We sustain appellants' second issue.

Appellants contend in their third issue that the trial court erred in denying appellants' motion for summary judgment which sought denial of appellees' claims for their attorney's fees. Because we have sustained appellants' second issue, we need not address appellants' third issue. *See* TEX.R.APP. P. 47.1.

### Conclusion

We affirm the trial court's judgment on appellants' claims of fraud, negligent misrepresentation, and violations of section 17.46(b) of the business and commerce code against appellees PPOC, Kirwan, and Cheung. We also affirm the trial court's judgment on appellants' claim of statutory fraud against PPOC and Cheung; appellants' claim for declaratory relief; and appellants' claim for a business accounting. In all other respects, the trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.