**Ricardo GARZA and Rebecca Garza, Appellants**

v.

**CTX MORTGAGE COMPANY, LLC, Appellee.**

No. 05–07–01491–CV.

Court of Appeals of Texas, Dallas.

June 3, 2009.

Paul C. Goetz III, Hill Heard Oneal Gilstrap & Goetz, Arlington, for Appellant.

Stephen C. Schoettmer, Thompson & Knight, P.C., Scott P. Stolley, Dallas, for Appellee.

Before Justices BRIDGES, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal from a summary judgment granted in favor of CTX Mortgage Company, LLC dismissing Ricardo and Rebecca Garza's claims against CTX Mortgage in a lawsuit arising from a construction loan agreement. We reverse and remand for further proceedings.

### BACKGROUND

The Garzas contracted with Royal Custom Homes (the Builder) in December 2001 for the purchase of a lot and construction of a new home in DeSoto, Texas. The total contract price was $800,000 and included $70,000 for the lot and $730,000 for construction costs. The Garzas decided to finance the construction by borrowing $400,000 from CTX Mortgage and using their personal funds for the remainder. The Garzas, CTX Mortgage, and the Builder signed a Residential Construction Loan Agreement and related documents in connection with the CTX Mortgage loan. In addition, the Garzas and the Builder executed a Mechanic's Lien Contract and Transfer of Lien in the amount of $730,000. The Garzas also authorized CTX Mortgage to administer their personal funds to pay for construction costs. The construction contract called for completion of construction within one year, or by May 2003; however, the home was not completed by that date. The Garzas fired the Builder in December 2003 because they were not satisfied with the quality of the construction. At that time, CTX Mortgage had disbursed to the Builder all but about $80,000 of the $730,000 allocated for the construction costs.

The Garzas sued the Builder and CTX Mortgage in August 2005. In twenty-two causes of action, they asserted both contractual and tort claims against CTX Mortgage relating to the management and ad-

ministration of the loan proceeds and their personal funds. CTX Mortgage moved for summary judgment on all of the Garzas' claims, and later amended its motion, arguing that the Loan Agreement governs the parties' entire relationship and that it has no obligations to the Garzas apart from those contained in the Loan Agreement. The trial court granted CTX Mortgage's amended motion, ordered that the Garzas take nothing by way of their claims against CTX Mortgage, and dismissed CTX Mortgage from the lawsuit. The Garzas nonsuited their claims against the Builder, making the summary judgment order final. This appeal followed.

The Garzas raise six issues on appeal. In their first four issues, which they argue together, the Garzas assert that CTX Mortgage's amended motion was legally insufficient, that CTX Mortgage did not prove it was entitled to summary judgment, and that they raised genuine issues of material fact. The remaining two issues complain that the trial court erred by overruling their objections to certain summary judgment evidence and that the trial court's errors resulted in the rendition of an improper judgment.

## STANDARD OF REVIEW AND APPLICABLE LAW

CTX Mortgage filed its amended motion for summary judgment under "rule 166a." We treat the amended motion as a traditional motion under rule 166a(c) because CTX Mortgage argued that it was entitled to judgment "as a matter of law" rather than specifically moving "for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense" on which the Garzas have the burden of proof. *Compare* TEX. R. CIV. P. 166a(c) *with* TEX. R. CIV. P. 166a(i); *see Richard v. Reynolds Metal Co.*, 108 S.W.3d 908, 911 (Tex.App.-Corpus Christi 2003, no pet.).

■ We review a trial court's summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex.2007). We will affirm a summary judgment if the record establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). For a defendant to prevail on a traditional motion for summary judgment, it must either disprove at least one element of each of the plaintiff's claims as a matter of law or conclusively establish all elements of an affirmative defense to that claim. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996) (per curiam); *Shaun T. Mian Corp. v. Hewlett–Packard Co.*, 237 S.W.3d 851, 854–55 (Tex. App.-Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant respond and present evidence raising an issue as to the material fact(s) in question. TEX. R. CIV. P. 166a(c); *see Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999); *Shaun T. Mian Corp.*, 237 S.W.3d at 855.

■ In our review, we examine "the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005)). We will affirm a traditional summary judgment if the evidence submitted in support of the motion and any response shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Shaun T. Mian Corp.*, 237 S.W.3d at 855. And if the trial court's order does not specify the grounds on which it granted summary judgment, we will affirm if any of the

grounds specified in the motion are meritorious. *See Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex.2003). But we cannot affirm a summary judgment on grounds other than those specified in the motion. TEX. R. CIV. P. 166a(c); *Shaun T. Mian Corp.,* 237 S.W.3d at 855.

## SUFFICIENCY OF THE AMENDED MOTION FOR SUMMARY JUDGMENT

We first address the Garzas' issue asserting that CTX Mortgage's amended motion for summary judgment is insufficient as a matter of law because it did not specifically address each of their claims separately.

▮ A defendant moving for summary judgment must state the specific grounds for relief. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *Shade v. City of Dallas,* 819 S.W.2d 578, 583 (Tex. App.-Dallas 1991, no writ), *disapproved of on other grounds by City of Tyler v. Likes,* 962 S.W.2d 489, 498–99 (Tex.1997). The term "grounds" means the reasons that entitle the movant to summary judgment, in other words, "why" the movant should be granted summary judgment. *Davis v. First Indem. of Am. Ins. Co.,* 56 S.W.3d 106, 110 (Tex.App.-Amarillo 2001, no pet.). When a ground for summary judgment is unclear or ambiguous, the complaining party should specially except to preserve error. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 175 (Tex. 1995) (citing *McConnell,* 858 S.W.2d at 341). But if the grounds for summary judgment are not expressly presented in the motion itself, the motion is insufficient as a matter of law and the nonmovant is not required to except to the deficiency. *See McConnell,* 858 S.W.2d at 342.

▮ To dispose of the plaintiff's entire case, a defendant's motion for summary judgment must identify or address each of the plaintiff's claims and the essential elements of those claims on which it contends that no genuine issue of material fact exists. *See Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). A defendant may not be granted summary judgment on a cause of action it did not address in its summary judgment motion. *Id.; Rotating Servs. Indus., Inc. v. Harris,* 245 S.W.3d 476, 487 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). In determining whether grounds are expressly presented, we look only to the motion itself; we may not rely on briefs or summary judgment evidence. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997). And "we are not required to 'read between the lines to infer or glean from the pleadings or proof, any grounds' for summary judgment." *Davis,* 56 S.W.3d at 110 (quoting *McConnell,* 858 S.W.2d at 343).

▮ CTX Mortgage argues that the Garzas waived this issue because they did not specially except to the amended motion on the ground that it lacked specificity. We disagree. The Garzas do not complain, as CTX Mortgage contends, that the grounds asserted in the amended motion are unclear or ambiguous. Instead, they complain that the amended motion does not assert any grounds because CTX Mortgage did not identify and negate an essential element of each of their claims. This issue may be presented for the first time on appeal. *See McConnell,* 858 S.W.2d at 342.

### The Garzas' claims

To determine whether CTX Mortgage's amended motion is insufficient as a matter of law, we identify the claims the Garzas asserted in their petition and compare them against the claims addressed in the amended motion. The Garzas alleged

claims for breach of oral and written contract, fraud, fraud in the inducement, fraud in a real estate transaction, breach of fiduciary duty, conversion, negligence, gross negligence, nine separate violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), negligent misrepresentation, misapplication of trust funds, breach of a trust relationship, and breach of the common law duty of care.

**CTX Mortgage's amended motion for summary judgment**

CTX Mortgage filed a twelve-page amended motion for summary judgment containing the following headings:

I. Background Related to CTX Mortgage's Prior Filed Motion

II. Basis for Summary Judgment Motion

III. Background: Agreements Signed by Garzas for Construction and For Lending of Funds

IV. Additional Background Facts Not in Dispute

V. In Late 2003, the Garzas Hired New Builder/General Manager to Complete Construction

VI. Controlling Agreement: Residential Construction Loan Agreement

VII. Advances to Builder Consent Form as Part of the Construction Loan Agreement

VIII. Third Agreement: Mechanic's Lien Contract And Transfer of Lien

IX. What Plaintiffs Are Urging? [sic]

X. Statute of Limitation Bars Plaintiffs' Claims (in part)

XI. Evidence Relied Upon in Support of CTX Mortgage's Motion

Under the heading, "II. Basis for Summary Judgment Motion," CTX Mortgage asserted

Through this Motion, CTX Mortgage will demonstrate that it fulfilled its contractual obligations to Plaintiffs, that no cause of action exists for the myriad overlapping claims asserted by Plaintiffs. Starting with plaintiffs' "breach of contract" claim, the contract (the Residential Construction Loan Agreement) was performed and plaintiffs cite no provision that they claim was breached. Moving to the tort claims, as a matter of law there can be no "oral misrepresentations," as such a claim is precluded by the terms of the integrated agreement. Plaintiffs' "fraud" allegation is without any factual basis and is without legal support. The other tort causes of action alleged by plaintiffs are similarly without any factual or legal support, just a throw-in-the-kitchen-sink pleading. As a matter of law, CTX Mortgage did not have responsibilities to Plaintiffs outside of the four corners of the agreement between the parties. CTX Mortgage is entitled to a summary dismissal of Plaintiffs' claims. (internal footnote omitted)

In sections VI, VII, and VIII, CTX Mortgage argued that the Loan Agreement established that its relationship with the Garzas was strictly contractual and that it had no duty to the Garzas apart from the agreement. It argued that the Loan Agreement "precludes as a matter of law Plaintiffs' contention that other oral agreements are enforceable between the parties." It repeatedly asserted that the "contracts are abundantly clear" and that it had no duty to the Garzas with respect to any of their complaints because provisions of the Loan Agreement established that it had no such duties. Under section, "X. Statute of Limitation Bars Plaintiffs' Claims (in part)," CTX Mortgage argued that

Plaintiffs attempt to recast a contract claim as a fraud or misrepresentation claim. CTX Mortgage urges that the

oral comments of its loan originator are not actionable. Nonetheless, those conversations between Ms. Garza and Jennifer Bollman occurred in latter 2002–the first half of 2003, more than two years prior to the time when Plaintiffs filed this lawsuit against CTX Mortgage. All two year causes of action are barred by limitations. The DTPA claim is two years from date of notice, and is also time barred, even if Plaintiffs can proved [sic] that it relates back to the filing of the Original Petition. (internal footnotes omitted)

### Analysis

CTX Mortgage argued throughout its amended motion for summary judgment that the provisions of the Loan Agreement generally preclude the Garzas' claims as a matter of law. It specifically relied on provisions in which it contends the Garzas disclaimed reliance on representations allegedly made both before and after the Loan Agreement was signed. But CTX Mortgage did not specifically identify each claim it contended was precluded. And it did not identify at least one element of each of those claims for which it contends there is no material fact issue, justifying summary judgment. *See Black,* 797 S.W.2d at 27. Nevertheless, we construe CTX Mortgage's amended motion as ad-

dressing the claims for breach of oral and written contract, breach of fiduciary duty, fraud, fraud in the inducement, negligent misrepresentation, and violations of section 17.46(b) of the DTPA. *See McMahon Contracting, L.P. v. City of Carrollton,* 277 S.W.3d 458, 467–69 (Tex.App.-Dallas 2009, no pet. h.) (failure to identify which cause of action addressed by summary judgment points not fatal to motion if court able to determine from motion grounds "expressly presented"); *see also* TEX. BUS. & COM. CODE ANN. § 17.46(b) (Vernon Supp. 2008).

■■■■■ CTX Mortgage's amended motion asserted that claims for any oral representations it may have made before the Loan Agreement was signed were precluded by the disclaimer of reliance clauses in the contract.[1] It also asserted that the Loan Agreement governed the entire relationship between the parties.[2] We construe these assertions as addressing the Garzas' claims for common law fraud, fraudulent inducement, negligent misrepresentation, breach of oral contract, and violations of section 17.46(b). *See McMahon Contracting, L.P.,* 277 S.W.3d at 468. Additionally, the amended motion asserted that the provisions of the Loan Agreement expressly disclaimed a fiduciary duty between CTX Mortgage and the Garzas.[3]

---

**1.** The amended motion asserted: "Moving to the tort claims, as a matter of law there can be no 'oral misrepresentations,' as such a claim is precluded by the terms of the integrated agreement." It also cited section 7.13 of the Loan Agreement and asserted, "This provision precludes as a matter of law Plaintiffs' contention that other oral agreements are enforceable between the parties." The amended motion argued that "Plaintiffs attempt to recast a contract claim as a fraud or misrepresentation claim" and that "oral comments of its loan originator are not actionable."

**2.** The amended motion asserted: "As a matter of law, CTX Mortgage did not have re-

sponsibilities to Plaintiffs outside the four corners of the agreement between the parties." It also asserted in its reply that the management and disbursement of the Garzas' personal funds "are referenced in Section 2, styled Disbursement of Loan Proceeds and in [sic] inferentially in Schedule A of the Residential Construction Loan Agreement (difference between construction costs and loan proceeds[) ]."

**3.** Quoting Section 7.3(a) of the Loan Agreement, the amended motion asserted: "Section 7.3(a) makes clear that the relationship between CTX Mortgage and the Garzas is a contractual relationship, not the fiduciary re-

We construe this assertion as addressing the breach of fiduciary duty claim. *See id.* The amended motion also asserted that provisions of the Loan Agreement expressly disclaimed any liability on the part of CTX Mortgage for the misconduct alleged in the Garzas' claims.[1] We construe this assertion as addressing the breach of written contract claim. *See id.* However, the amended motion did not refer to the claims for conversion, negligence, gross negligence, fraud in a real estate transaction, misapplication of trust funds, breach of a trust relationship, and breach of the common law duty of care, and it did not identify any element from each of these claims for which it contended there was no material fact issue. Consequently, we conclude that the amended motion does not support summary judgment in favor of CTX Mortgage on these claims.[5] As a result, we further conclude that the trial court erred by granting summary judgment in favor of CTX Mortgage on the Garzas' claims for conversion, negligence, gross negligence, fraud in a real estate transaction, misapplication of trust funds, breach of a trust relationship, and breach of the common law duty of care.[6] *See Black,* 797 S.W.2d at 27.

## CLAIMS ADDRESSED IN AMENDED MOTION FOR SUMMARY JUDGMENT

We now consider the issues regarding the claims that we conclude were ad-

---

1. lationship claimed in the Petition." (footnote omitted)

4. The amended motion asserted:

 [The Loan] Agreement directly addresses (and rebuts) the issues presented by Plaintiffs in their lawsuit. . . . Section 7.3(d): the lender's obligation to make advances (including lender's right of inspection) is included in the agreement solely for the benefit of lender and not for the benefit of the borrower, and (the Garzas) are not entitled to rely upon and **(CTX Mortgage) shall have no liability to the Garzas for any inspection (or lack thereof) or for the making of any advance by lender**. . . . Other provisions in the . . . Loan Agreement also support this Motion. Section 7.3(c) sets forth that that [sic] lender **shall have no responsibility or liability to the Borrower for the selection of the builder or for the quality of any labor, materials, workmanship or services provided by the Builder or any** of the [sic] its subcontractors or suppliers. . . . **CTX Mortgage has no liability, obligation, or responsibility with respect to the use of the advances by the Builder, and CTX Mortgage is not obligated to inspect the property**. . . . CTX Mortgage did not have responsibility for the Builder or for the Builder's actions . . . The fact that **CTX Mortgage did inspect the property** does not create a contractual or legal

 duty (and potential liability) to the home owner for that conduct. . . . **Importantly, criticism of CTX Mortgage on the inspection issue is exactly the type of inquiry the written agreements preclude,** attempting to turn CTX Mortgage's conscientiousness in having inspections performed against CTX Mortgage. **CTX Mortgage did not have that duty, to inspect or to affirm the quality of construction.** The contracts are abundantly clear, that duty did not exist, the duty has been disclaimed, **and the duty was with Plaintiffs**. . . . **There is no such duty placed on CTX Mortgage per the terms of multiple signed agreements.** (internal footnote omitted).

5. On appeal, CTX Mortgage does specifically identify each of these claims and provides argument why summary judgment was proper. However, these arguments were not raised below and we may not consider them for the first time on appeal. *See McMahon Contracting, L.P.,* 277 S.W.3d at 467 (reviewing court looks only to summary judgment motion in determining whether grounds expressly presented) (quoting *Sci. Spectrum, Inc.,* 941 S.W.2d at 912 and *McConnell,* 858 S.W.2d at 341).

6. We express no opinion regarding the merits of the claims not expressly addressed in the amended motion.

dressed in the amended motion for summary judgment.

**Claims for Fraud and Misrepresentation**

 CTX Mortgage moved for summary judgment on the ground that "as a matter of law there can be no 'oral misrepresentations,' as such a claim is precluded by the terms of the integrated agreement." It cited section 7.13 of the Loan Agreement:

> 7.13 Complete Agreement; Amendment. No party has made any promise or representation to any other that is not in the Loan Documents. The Loan Documents contain the complete agreement of the parties. This Loan Agreement may not be amended and no provision of it may be waived except by a writing signed by Lender.

CTX Mortgage contended that this clause "precludes and eliminates any prior or contemporaneous agreements which are inconsistent with the integrated agreement."

 We agree that a party's disclaimer of reliance on representations, if the intent is clear and specific, can defeat claims for fraud, fraudulent inducement, and negligent misrepresentation, because reliance is a necessary element of each of those claims. *See Forest Oil Corp. v. McAllen,* 268 S.W.3d 51, 56 (Tex.2008) (fraudulent inducement claim); *Schlumberger Tech. Corp. v. Swanson,* 959 S.W.2d 171, 179 (Tex.1997) (fraudulent inducement and common-law fraud claims); *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 686 & n. 24 (Tex.2002) (negligent misrepresentation claim). However, the Texas Supreme Court in *Forest Oil* and *Schlumberger* expressly declined "to adopt a *per se* rule that a disclaimer of reliance automatically precludes a fraudulent-inducement claim . . . ." *Forest Oil,* 268 S.W.3d at 61; *Schlumberger,* 959 S.W.2d at 181 ("We emphasize that a disclaimer of reliance or merger clause will not always bar a fraud-

ulent inducement claim."). Instead, it stated, "Courts must always examine the contract itself and the totality of the surrounding circumstances when determining if a waiver-of-reliance provision is binding." *Forest Oil,* 268 S.W.3d at 60. The court enunciated factors which it considered important in making that determination: whether the contract was negotiated or boilerplate, whether the complaining party was represented by counsel, whether the parties dealt with each other at arms length, whether the parties were knowledgeable in business matters, and whether the release language was clear. *Forest Oil,* 268 S.W.3d at 60; *see Schlumberger,* 959 S.W.2d at 179–81. The court also examined how the disclaimer provision impacted the plaintiffs' claims for common-law and statutory fraud. *Schlumberger,* 959 S.W.2d at 181–82.

CTX Mortgage's amended motion for summary judgment did not identify or offer evidence of any of the *Forest Oil* and *Schlumberger* factors. Based on this record, we cannot conclude that the Garzas disclaimed reliance on CTX's alleged representations as a matter of law. Consequently, we conclude that summary judgment in favor of CTX Mortgage on the Garzas' claims for fraud, fraudulent inducement, and negligent misrepresentation was improper.

**Claims for Breach of Fiduciary Duty and Contract**

 Because a contract is subject to avoidance on grounds such as fraud, *see Schlumberger,* 959 S.W.2d at 178, and in light of our disposition of the various fraud and misrepresentation claims, it is premature for us to consider CTX Mortgage's grounds for summary judgment on the Garzas' claims for breach of fiduciary duty and contract because those claims depend on the enforceability of the terms of the Loan Agreement. *See Penn v. Gulbenki-*

*an,* 243 S.W.2d 220, 223 (Tex.Civ.App.-Dallas 1951) (summary judgment on claim for breach of license agreement premature because fact issues existed concerning whether license induced by fraud), *aff'd,* 151 Tex. 412, 252 S.W.2d 929 (Tex.1952). Accordingly, we conclude that summary judgment on the Garzas' claims for breach of fiduciary duty and contract was improper.

## DTPA Claims

■ In addition to alleging that CTX Mortgage violated section 17.46(b) of the DTPA, the Garzas also alleged that CTX Mortgage knowingly breached express and implied warranties and engaged in an unconscionable course of conduct. *See* Tex. Bus. & Com. Code Ann. § 17.50 (Vernon Supp. 2008). The Garzas argue on appeal that CTX Mortgage moved for summary judgment on their DTPA claims only on the ground that those claims were barred by limitations.

On appeal, CTX Mortgage expressly states that it does not rely on the statute of limitations, the statute of frauds, or lack of consumer status under the DTPA as grounds for affirming the summary judgment. Instead, it argues that the Garzas have failed "to challenge the substantive grounds for summary judgment on their DTPA claim" and, therefore, that we must affirm the summary judgment for that reason alone. It further argues, as it did in its amended motion for summary judgment, that "alleged comments by its employees [are] not actionable" and that its "relationship with the Garzas was solely a contractual relationship between debtor and creditor ... [and] it had no duty outside the four corners of the contract." To support its arguments, CTX Mortgage relied only on the language of the contract; it did not negate an essential element of each of the Garzas' DTPA claims as a matter of law. And the fact that the heart of this dispute involves the interpretation of a contract does not automatically preclude a DTPA claim. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566–67 (Tex.1984) (same conduct may form basis for claim for breach of contract and claim for violation of DTPA). Based on this record, and in light of our previous analysis, we conclude that summary judgment on the Garzas' DTPA claims was improper.

### Conclusion

We sustain the Garzas' first, second, third, fourth, and sixth issues. We do not reach issue five, which argues that the trial court erred by implicitly overruling the Garzas' objections to certain summary judgment evidence, because we did not rely on that evidence in resolving the Garzas' issues. We reverse the trial court's judgment and remand for further proceedings.