**AFFIRM and Opinion Filed March 12, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-11-01123-CV

---

### BANK OF TEXAS, N.A., Appellant

### V.

### WILLIAM RAVKIND, Appellee

---

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-6647**

---

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion by Justice Lang-Miers

Appellant Bank of Texas, N.A. appeals the trial court's order granting Appellee William

Ravkind's motion for summary judgment. We issue this memorandum opinion pursuant to Texas

Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled. We

affirm the trial court's judgment.

### BACKGROUND

Bank of Texas sued Ravkind for negligent misrepresentation. It alleged that Ravkind

completed a form entitled "Verification of Deposit" stating that he was the depository of two

---

[1] The Honorable Martin E. Richter, Retired Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

trust accounts belonging to his client Cindy Lantrip that contained assets totaling $1.2 million; that Ravkind was not the depository of the accounts; that the information on the Verification of Deposit was false; that it relied on the Verification of Deposit in deciding to lend Lantrip almost $2 million for improvements to property located on Colgate in University Park, Texas; that Lantrip defaulted on the loan; that the Bank sold the property at foreclosure for $640,000; and that Ravkind's negligent misrepresentation proximately caused the Bank's injuries.[2]

Ravkind filed a combined no-evidence and traditional motion for summary judgment. The trial court granted Ravkind's motion "on each ground alleged[.]" The Bank raises seven issues on appeal challenging the court's order. In its first issue on appeal, the Bank argues that the trial court erred by granting Ravkind's no-evidence motion for summary judgment on the issue of justifiable reliance.

### Standard of Review

When a party files both a no-evidence and a traditional motion for summary judgment, we consider the no-evidence motion first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The no-evidence motion must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i). The burden then shifts to the nonmovant to produce more than a scintilla of summary judgment evidence that raises a genuine issue of material fact as to each essential element identified in the motion. *Id.* & cmt (1997); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to reach the verdict under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists when the evidence is so weak that it

---

[2] Ravkind claimed that his signature on the Verification of Deposit was forged.

does no more than create a mere surmise or suspicion of a fact. *Forbes*, 124 S.W.3d at 172. We must credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *City of Keller*, 168 S.W.3d at 827. To determine whether the nonmovant met its burden, we review the summary judgment evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller*, 168 S.W.3d at 823).

## Applicable Law

The Supreme Court of Texas adopted section 552 of the Restatement (Second) of Torts as the law of Texas with regard to a professional's liability to a nonclient for negligent misrepresentation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999). To prove negligent misrepresentation, a plaintiff must show that the defendant, in the course of his business or a transaction in which he had an interest, supplied false information for the guidance of others without exercising reasonable care or competence in communicating the information, that the plaintiff justifiably relied on the information, and that the misrepresentation proximately caused the plaintiff's injury. *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App.—Dallas 2007, no pet.). Liability is premised on the professional's "independent duty to the nonclient based on the professional's manifest awareness of the nonclient's reliance on the misrepresentation and the professional's intention that the nonclient so rely." *McCamish*, 991 S.W.2d at 792.

## Discussion

Initially we must determine the scope of our review. Ravkind's combined motion for summary judgment contained a heading, "No Evidence – Justifiable Reliance." Under that heading, Ravkind argued that there was no evidence he made a representation to the Bank, no

evidence the Bank was within the limited group of recipients to whom he would have liability, no evidence he made any representation concerning the Colgate property loan, and no evidence the Bank justifiably relied on any alleged misrepresentation. The Bank acknowledges in its brief on appeal that the argument in the no-evidence part of Ravkind's motion was not limited to the justifiable-reliance element of a claim for negligent misrepresentation: "the actual argument presented within the text of the motion appears to be (1) there is no evidence of a representation by Ravkind; and (2) Bank of Texas was not within the class of recipients for which the law imposes liabilities; therefore there could not have been reasonable and/or justifiable reliance." But the Bank contends that Ravkind challenged only the element of justifiable reliance and, as a result, this Court is limited to an analysis of that element.

We construe the Bank to argue that because the motion's heading contained only the element of justifiable reliance that we are limited to an analysis of the evidence on that element. But appellate courts are to construe pleadings based on their content, not the labels assigned to them. *See Garza v. CTZ Mortg. Co., LLC*, 285 S.W.3d 919, 925 (Tex. App.—Dallas 2009, no pet.); *Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). We construe Ravkind's no-evidence motion to challenge the element of representation as well as justifiable reliance, and will analyze the issue accordingly.[3]

In his motion, Ravkind argued that the Verification of Deposit was addressed to a specific party, Troy Jones at Bright Mortgage. He argued that the Bank had no evidence it was the intended recipient or was within a limited group of intended recipients of the Verification of Deposit. Relying on *McCamish*, Ravkind argued that "liability arises when a professional

---

[3] Ravkind also moved for traditional summary judgment on these same grounds.

4

transfers information to a known party for a known purpose." *See McCamish*, 991 S.W.2d at 794.

The Bank responded with evidence that it actually relied on the Verification of Deposit signed by Ravkind and that the Verification of Deposit "was instrumental" in its decision to make the loan to Lantrip. It offered evidence that it received the Verification of Deposit from a mortgage broker at Metropolitan Mortgage and that it was "industry practice" for residential construction loans to be "packaged and presented by a mortgage company." The Bank also presented evidence that it was not concerned about the Verification of Deposit being addressed to a different mortgage company because a borrower "will submit a loan to multiple lenders simultaneously."

Although the Supreme Court of Texas agreed that professionals could face liability for negligent misrepresentation to a nonclient, the court limited the professional's liability to situations in which the professional transfers the information "to a known party for a known purpose." *Id.* Several years later, the court reaffirmed that decision and expounded on it. It explained that a "known party" is limited to situations "in which the professional who provides the information is 'aware of the nonclient and intends that the nonclient rely on the information.'" *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 920 (Tex. 2010) (quoting *McCamish*, 991 S.W.2d at 794). It cited with approval courts which have held that the professional must have actual knowledge of the party to whom the information is provided and the purpose for which the information is provided. *Id.* at 920 n.11 (quoting *Ervin v. Mann Frankfort Stein & Lipp CPAs, LLP*, 234 S.W.3d 172, 177 (Tex. App.—San Antonio 2007, no pet.) and *Abrams Ctr. Nat'l Bank v. Farmer, Fuqua & Huff, P.C.*, 225 S.W.3d 171, 177 (Tex. App.—El Paso 2005, no pet.)).

The Bank did not present any evidence that Ravkind had actual knowledge that the Verification of Deposit was being provided to the Bank, and it did not present any evidence that Ravkind had actual knowledge that the Verification of Deposit was being supplied for the Colgate property loan. In fact, there is no summary judgment evidence connecting Ravkind to the Bank or the Colgate property loan. The Verification of Deposit was addressed to Bright Mortgage, a different mortgage company from the one that supplied it to the Bank (Metropolitan Mortgage). And the Verification of Deposit did not state any purpose for which the form was being completed other than for a "mortgage loan."[4]

Despite this, the Bank argues that Ravkind intended the form to "reach a lender to Lantrip and intended to verify assets for underwriting a loan to Lantrip. Ravkind, an experienced white collar criminal defense attorney, knew and recognized the purpose of the Verification of Deposit." The Bank argues that "Ravkind, by making the misrepresentations, invited a lender to Lantrip to rely on his verification. Bank of Texas was that lender." However, to hold Ravkind liable to any lender who may have come into possession of the Verification of Deposit addressed to Bright Mortgage "would 'eviscerate the Restatement rule in favor of a de facto foreseeability approach—an approach [we] have refused to embrace'" and would render meaningless the restriction upon liability to those within a limited group of intended recipients. *Grant Thornton*, 314 S.W.3d at 921 (quoting *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 613 (5th Cir. 1996)).

We conclude that the Bank did not present any summary judgment evidence raising a fact issue that Ravkind made a representation to the Bank regarding the loan on the Colgate property

---

[4] The form states, "To Depository: I/We have applied for a mortgage loan and stated in my/our financial statement that the balance on deposit with you is shown as above. You are authorized to verify this information and to supply to the Lender identified above." The lender was identified as Bright Mortgage.

as is required to support a claim for negligent misrepresentation. Consequently, the trial court did not err by granting Ravkind's no-evidence motion for summary judgment.

## Conclusion

We resolve issue one against appellant. Because of our disposition of issue one, we do not need to reach the remaining issues. We affirm the trial court's judgment.

ELIZABETH LANG-MIERS
JUSTICE

111123F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

BANK OF TEXAS, N.A., Appellant

No. 05-11-01123-CV    V.

WILLIAM RAVKIND, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-6647.
Opinion delivered by Justice Lang-Miers,
Justices Myers and Richter participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee William Ravkind recover his costs of this appeal from appellant Bank of Texas, N.A.


Judgment entered this 12th day of March, 2013.


ELIZABETH LANG-MIERS
JUSTICE