**AFFIRMED; Opinion Filed September 6, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-01053-CV**

**EARL L. TURNER, Appellant**
**V.**
**NATIONSTAR MORTGAGE, LLC, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-04837**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Lang

Appellant Earl L. Turner, proceeding pro se, filed this lawsuit to enjoin a foreclosure sale of a residential property ("the property") by appellee Nationstar Mortgage, LLC. Subsequently, both parties filed traditional motions for summary judgment. The trial court denied Turner's summary judgment motion, granted summary judgment in favor of Nationstar, and ordered that Turner "take nothing on his claims."

In three issues on appeal, Turner contends the trial court erred (1) by granting summary judgment in favor of Nationstar "given that Nationstar did not state any grounds, specific or otherwise, therefor" in its motion; (2) by overruling Turner's objections to an affidavit filed by

Nationstar and the attachments thereto; and (3) "in ordering that Turner 'take-nothing' on his claim against Nationstar."[1]

We decide against Turner on his first and third issues. We need not reach Turner's second issue. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL CONTEXT

This lawsuit was filed by Turner against Nationstar on April 27, 2017. In his live petition at the time of the judgment complained of, Turner asserted in part that on approximately December 19, 2002, he executed a promissory note in the amount of $185,050.00 ("the note") that was secured by a deed of trust on the property ("the deed of trust") in favor of America's Wholesale Lender. The deed of trust was subsequently assigned to Bank of America, N.A. ("BANA").

According to Turner's petition, (1) he "missed his October 2011 and November 2011 monthly mortgage installment payments"; (2) on approximately November 14, 2011, "BANA sent its required default letter with a notice of intent to accelerate . . . informing Turner the loan was in default"; (3) that letter stated in part that the default "will <u>not</u> be considered cured unless [the loan servicer] receives 'good funds' in the amount of $4,397.98 on or before December 14, 2011" and "[i]f the default is not cured on or before December 14, 2011, the mortgage payments <u>will be accelerated</u> with the full amount remaining accelerated and becoming due and payable in full" (emphasis original); (4) that November 14, 2011 letter "is a clear and unequivocal notice of intent to accelerate the maturity date"; (5) the default was not cured; (6) "[o]n April 17, 2012, BANA elected to ACCELERATE the maturity of the debt" (emphasis original); (7) the April 17, 2012 letter sent by BANA to Turner respecting that election "is a clear and unequivocal notice to accelerate the maturity of the debt"; (8) on April 2, 2013, the deed of trust "was transferred or assigned to Nationstar"; (9) under Texas law, "a person must bring suit for . . . the foreclosure of

---

[1] Turner does not address the denial of his motion for summary judgment or request any relief respecting that denial in this appeal.

a real property lien not later than four years after the day the cause of action accrues"; (10) in this case, the four-year limitations period "begins to run on December 14, 2011 at the accelerated accrual date of Turner's last installment and BANA's demand for payment in full" and thus "expired on December 14, 2015"; (11) although Nationstar sent Turner a March 10, 2016, "notice to abandon or rescind any prior acceleration of a maturity date," that notice was "untimely" because it was "87 days outside the limitations period"; and (12) Nationstar "does not have the right to foreclose on Turner's property because its 'power of sale' expired on December 14, 2015." Turner requested a "permanent injunction on power of sale due to time-barred four-year limitations period" and "any other relief as justice demands." Exhibits attached to Turner's petition included, among other things, copies of (1) the deed of trust[2]; (2) the note[3]; (3) the November 14, 2011 and April 17, 2012 letters from BANA described by Turner respecting acceleration; and (4) the March 10, 2016 notice from Nationstar respecting the rescinding of acceleration.

Nationstar filed a general denial answer and, two months later, a traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(c). The first sentence of Nationstar's seven-page summary judgment motion stated, "[Nationstar] moves under rule 166a(c) for summary judgment." Additionally, Nationstar's motion stated in part (1) under Texas law, "[i]f the lender accelerates the maturity, the statute of limitations begins to run from the date of an effective acceleration"; (2) acceleration is "a necessarily two-step process" requiring both "notice of intent to accelerate" and "notice of acceleration"; (3) in this case, "[t]he limitations clock did not begin to run until the lender followed up with the second step: the April 2012 notice of acceleration"; (4) Nationstar "timely and explicitly rescinded and abandoned prior accelerations" in March 2016;

---

[2] The deed of trust (1) stated in part that Turner has promised to pay the debt in question "in regular Periodic Payments and to pay the debt in full not later than JANUARY 01, 2018," and (2) contained a provision allowing for optional acceleration.

[3] The note contained a section titled "Borrower's Promise to Pay," which stated in part "[i]f, on JANUARY 01, 2018, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the 'Maturity Date.'"

(5) "[t]here is no evidence of any acceleration more than four years prior to the March 2016 letter"; and (6) "[e]ven if Nationstar had not sent the March 2016 letter it still abandoned the April 2012 acceleration by its conduct," which included "accepting Turner's payments" and "requesting payment on less than the full amount of the loan." Further, Nationstar asserted in its motion,

> The sole premise of Turner's lawsuit—limitations expired to enforce the security instrument—is belied by both Nationstar's explicit abandonment of acceleration and its acceptance of payments and demand for less than the accelerated debt. Nationstar requests this Court enter judgment Turner take nothing on his claims and grant Nationstar all further relief to which it may show itself justly entitled.

The evidence attached to Nationstar's motion for summary judgment included, among other things, a copy of the deed of trust and an affidavit of Edward Hyne, a litigation resolutions analyst for Nationstar. Attached to Hyne's affidavit were several documents, including the note and copies of the letters from BANA and Nationstar described above. Those documents were identical to the copies attached to Turner's petition.

Subsequently, Turner filed a "Cross-Motion for Summary Judgment on Expired Power of Sale Limitations Period." Therein, Turner stated in part that pursuant to section 16.035(e) of the Texas Civil Practice and Remedies Code, "[i]f a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e) (West 2002). According to Turner, (1) in this case, "[t]he installment note maturity date is established as December 14, 2011"; (2) thus, "by Texas statute, the four-year limitations period begins to run on December 14, 2011 at the accelerated accrual date of the last installment and BANA's demand for payment in full"; (3) "[b]y Texas statute, the limitations period expired on December 14, 2015"; and (4) "Nationstar cannot produce any proof documents of its intent to abandon or rescind any prior accelerated maturity date within the four-year Texas statutory limits." In support of the arguments in his cross-motion, Turner cited

–4–

several of the exhibits to Nationstar's motion for summary judgment, including (1) the copy of the deed of trust and (2) certain attachments to Hyne's affidavit, including the copies of the note, the November 14, 2011 letter from BANA, and Nationstar's March 10, 2016 "notice to abandon or rescind any prior acceleration." Further, attached to Turner's cross-motion was a July 17, 2017 affidavit by him in which he stated in part (1) "[a] deed of trust was executed on December 19, 2002, securing a promissory note . . . in the amount of $185,050.00 against the property"; (2) the deed of trust was assigned to BANA and subsequently was assigned to Nationstar as "the last purported assignee of record"; (3) a November 14, 2011 "default letter with notice of intent to accelerate" was sent to Turner by BANA; (4) "[t]he default was not cured and has not been cured from the December 2011 accrual date to the date of this affidavit," and (5) "no monthly installment payments have been made to Nationstar since the last payment in September 2011."

Additionally, several days later, Turner filed a response to Nationstar's motion for summary judgment. In that response, Turner challenged the "form and substance" of Hyne's affidavit and objected that Hyne "did not author his affidavit" and "has no personal knowledge of Nationstar's payment assertions." Also, Turner asserted in part,

> Nationstar is now statutorily time-barred by the four-year limitations period which expired on December 14, 2015. Nationstar's untimely attempt to abandon or rescind Bank of America, N.A. ("BANA")'s accelerated maturity date was noticed 87 days outside of Texas statutory limitations period. Sufficient issues of a material fact and law remains to preclude summary judgment, therefore Nationstar's motion should be denied as it fails to meet the criteria for a traditional summary judgment.

Further, in a July 19, 2017 affidavit attached to his response, Turner stated in part (1) Hyne has no personal knowledge of "the events or disputed facts in this case" or "the reliability or trustworthiness of the records provided to him"; (2) the copies of the November 14, 2011 and April 17, 2012 BANA letters attached to Hyne's affidavit "are not based on the personal knowledge of Mr. Hyne because he was not employed by Nationstar at the beginning of these events"; (3) the copy of Nationstar's March 10, 2016 notice attached to Hyne's affidavit "is opposed because there

is a genuine dispute as to the running of the limitations period"; and (4) Nationstar's March 10, 2016 notice to abandon and rescind acceleration "was untimely as it was . . . sent 87 days outside the four-year limitations period." The attachments to Turner's July 19, 2017 affidavit included a "true and correct" copy of Nationstar's March 10, 2016 notice to rescind acceleration, which was identical to the copy "opposed" by Turner in the affidavit.

Nationstar filed (1) a response to Turner's cross-motion for summary judgment and (2) several objections to Turner's July 17, 2017 affidavit, including that it was conclusory.

At the summary judgment hearing, both parties restated their arguments above. Further, Turner (1) objected to Hyne's affidavit as "hearsay," "speculative," "self-serving," and "conclusory," and (2) objected to the documents attached to Hyne's affidavit as "unauthenticated hearsay." Following that hearing, the trial court signed the judgment described above, which also stated, "This judgment finally disposes of all claims and all parties with prejudice and is appealable." This appeal timely followed.

## II. TRIAL COURT'S SUMMARY JUDGMENT

### A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Helix Energy Solutions Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c). "When both sides move for summary judgment and the trial court grants one motion and

denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Further, when, as here, a trial court's order granting summary judgment does not specify the grounds upon which it was granted, reviewing courts will affirm the judgment if any of the grounds presented to the trial court in the motion for summary judgment that have been preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

### B. Applicable Law

Under Texas law, a sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later than four years after the day the cause of action accrues. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001) (citing CIV. PRAC. & REM. § 16.035(b)). "A party moving for summary judgment on limitations grounds must prove when the cause of action accrued." *Id*. at 566.

By statute, if a note or obligation payable in installments is secured by a lien on real property, limitations does not begin to run until the maturity date of the last note, obligation, or installment. CIV. PRAC. & REM. § 16.035(e); *see also Holy Cross*, 44 S.W.3d at 566 ("Section 16.035 modifies the general rule that a claim accrues and limitations begins to run on each installment when it becomes due."). However, if a note or deed of trust secured by real property contains an optional acceleration clause, "the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross*, 44 S.W.3d at 566; *accord Rodriguez v. Nationstar Mortgage, LLC*, No. 05-16-01399-CV, 2018 WL 2926808, at *5 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op.); *Farmehr v. Deutsche Bank Nat'l Trust Co.*, No. 05-17-00563-CV, 2018 WL 2749634, at *2 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op.). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross*, 44

S.W.3d at 566. Both notices must be "clear and unequivocal." *Id*. Further, even when a noteholder has accelerated a note upon default, the holder can abandon acceleration, "which has the effect of restoring the note's original maturity date and cutting off limitations." *Farmehr*, 2018 WL 2749634, at *2; *accord Holy Cross*, 44 S.W.3d at 567. "While accrual is a legal question, whether a holder has accelerated a note is a fact question to which parties may . . . agree." *Holy Cross*, 44 S.W.3d at 568.

A motion for summary judgment "shall state the specific grounds therefor." TEX. R. CIV. P. 166a(c); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). "The term 'grounds' means the reasons that entitle the movant to summary judgment, in other words, 'why' the movant should be granted summary judgment." *Garza v. CTX Mortg. Co., LLC*, 285 S.W.3d 919, 923 (Tex. App.—Dallas 2009, no pet.). Grounds are sufficiently specific if they give "fair notice" to the nonmovant. *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 889 (Tex. App.—Dallas 2011, no pet.). If the grounds for summary judgment are not expressly presented in the motion itself, the motion is insufficient as a matter of law and the nonmovant is not required to except to the deficiency. *Garza*, 285 S.W.3d at 923.

### C. Application of Law to Facts

#### 1. Failure to State Summary Judgment Grounds

In his first issue, Turner contends the trial court erred by granting summary judgment in favor of Nationstar because "Nationstar fails to assert any grounds, specific or otherwise, for its MSJ." Specifically, Turner argues in part,

> The sole issue before the trial court in Turner's amended petition was a motion to permanently enjoin Nationstar's power of sale to foreclose on Turner's property because Nationstar is now statutorily time-barred by the four-year limitations period which expired on December 14, 2015. Nationstar did not address this issue as a ground, specific or otherwise, for its MSJ.

According to Turner, Nationstar's motion for summary judgment (1) "only states, '[Nationstar] moves under rule 166a(c) for summary judgment'" and (2) "contains no concise statements or specific grounds that would provide 'fair notice' to Turner."

Nationstar responds in part,

> Nationstar's Motion incorporates all bases and arguments made on Nationstar's behalf and clearly satisfies [rule 166a(c)'s requirement to state "specific grounds"]. Indeed, Nationstar's Motion repeatedly states that the four-year limitations period has not expired. First, Nationstar's Motion argues that BANA elected to accelerate in April 2012 but Nationstar abandoned this acceleration in March 2016. Nationstar's Motion also shows that its conduct . . . demonstrated abandonment of acceleration. There is no conceivable basis to dispute that Nationstar's Motion provided Turner with adequate information to oppose Nationstar's Motion.

(citations to record omitted).

We disagree with Turner's position that Nationstar's motion "only states, '[Nationstar] moves under rule 166a(c) for summary judgment.'" Rather, as described above, the record shows the seven-page motion specifically describes Nationstar's position that the four-year limitations period on which Turner's claim is based has not expired because "[t]he limitations clock did not begin to run until . . . the April 2012 notice of acceleration," Nationstar "timely and explicitly rescinded and abandoned prior accelerations," and "[t]here is no evidence of any acceleration more than four years prior to the March 2016 letter." On this record, we conclude Nationstar stated sufficiently specific grounds for summary judgment in its motion. *See Granata v. Kroese*, No. 05-17-00118-CV, 2018 WL 345637, at *2–3 (Tex. App.—Dallas Jan. 10, 2018, pet. dism'd) (mem. op.) (concluding that although motion for traditional summary judgment did not contain section "expressly setting forth summary judgment grounds," it was sufficiently specific where it clearly pertained to sole cause of action in question and set forth basis on which movant should prevail); *Hevey v. Hundley*, No. 05-12-00588-CV, 2013 WL 5782924, at *2 (Tex. App.—Dallas Oct. 25, 2013, pet. denied) (mem. op.) (motion for traditional summary judgment was sufficiently specific where it generally described claim and defense and asserted application of law to facts).

We decide against Turner on his first issue.

### 2. Propriety of Take-Nothing Summary Judgment Against Turner

Next, we address Turner's third issue, in which he contends the trial court erred "in ordering that Turner 'take-nothing' on his claim against Nationstar." According to Turner, (1) "Nationstar's MSJ did not specifically request the trial court dispose of all issues and all parties in the case"; (2) "under these circumstances, . . . the judgment grants more relief than requested"; and (3) "[i]n the alternative, . . . sufficient issues of a material fact and law still remain to preclude the MSJ."

Nationstar responds in part (1) its motion requested the trial court to enter a judgment that Turner "take nothing on his claims"; (2) "[t]he [trial court] granted Nationstar, the lone defendant in the case, summary judgment—which is precisely what Nationstar requested in its Motion"; and (3) because "Turner himself alleged that the notice of acceleration was sent on April 17, 2012 and the letter abandoning acceleration was sent within four years of that date on March 10, 2016," "[t]he undisputed facts show summary judgment for Nationstar was appropriate."

As described above, the record shows Nationstar's motion for summary judgment challenged the "sole premise" for the "lawsuit" filed by Turner, the sole plaintiff, and specifically requested a judgment that Turner take nothing on his claims. On this record, we disagree with Turner's position that the trial court's judgment "grants more relief than requested." *See Smith v. Heard*, 980 S.W.2d 693, 697 (Tex. App.—San Antonio 1998, pet. denied) ("Courts have granted summary judgments on causes of action not specifically addressed in a movant's motion if the movant has conclusively disproven an ultimate fact which is central to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action."); *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 922 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("summary judgment is proper where a defendant has conclusively disproven an element central

to all causes of action or an unaddressed cause of action derivative of the addressed causes of action").

Further, we cannot agree with Turner's position that "issues of a material fact and law" precluded summary judgment in favor of Nationstar. The record shows the unchallenged summary judgment evidence includes the deed of trust, which (1) stated in part that Turner has promised to pay the debt in question "in regular Periodic Payments and to pay the debt in full not later than JANUARY 01, 2018," and (2) contained a provision allowing for optional acceleration. Also, the record shows (1) the note, which was cited by Turner in support of his arguments in his cross-motion for summary judgment, stated in the "Borrower's Promise to Pay" that "[i]f, on JANUARY 01, 2018, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the 'Maturity Date,'" and (2) Turner stated in his July 17, 2017 affidavit that the deed of trust was assigned to Nationstar as "the last purported assignee of record," the default in question has not been cured, and "no monthly installment payments have been made to Nationstar since the last payment in September 2011."

Additionally, "[a]ssertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Holy Cross*, 44 S.W.3d at 568 (quoting *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)). "A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact." *Id.*; *see also Neese v. Lyon*, 479 S.W.3d 368, 375 (Tex. App.—Dallas 2015, no pet.) ("Although pleadings generally do not constitute summary-judgment evidence, a summary-judgment movant may rely on judicial admissions in the nonmovant's live pleading.").

In the case before us, Turner stated in his live pleading (1) he "missed his October 2011 and November 2011 monthly mortgage installment payments"; (2) the November 14, 2011 letter from BANA described above "is a clear and unequivocal notice of intent to accelerate the maturity

–11–

date"; (3) the April 17, 2012 letter sent by BANA to Turner "is a clear and unequivocal notice to accelerate the maturity of the debt"; and (4) Nationstar sent Turner a March 10, 2016 "notice to abandon or rescind any prior acceleration of a maturity date." Those assertions of fact constituted judicial admissions. *See Holy Cross*, 44 S.W.3d at 568.

In his brief on appeal, Turner reasserts the argument made by him in the trial court that (1) pursuant to section 16.035(e), "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment," *see* CIV. PRAC. & REM. § 16.035(e); (2) "[i]n this instant, the maturity date begins to run at the last installment on December 14, 2011"; and (3) thus, "the running of the limitations period begins at the last installment payment in December 2011 and expired four-years hence, in December 2015." However, as described above, when a note or deed of trust secured by real property contains an optional acceleration clause, "the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross*, 44 S.W.3d at 566. "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id*. Further, accrual is a legal question. *Id*. at 568.

Based on Turner's judicial admissions and the evidence described above, the trial court could apply the law to conclude as a matter of law (1) accrual occurred upon the completion of the two acts required for acceleration, i.e., the undisputed November 14, 2011 "notice of intent to accelerate the maturity date" and the undisputed April 17, 2012 "notice to accelerate the maturity of the debt"; (2) thus, the limitations period began running on April 17, 2012, *see Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *5 (Tex. App.—Dallas Feb. 23, 2018, pet. denied) (mem. op.) (stating that where acceleration was properly effected by notice of intent to accelerate and subsequent notice of acceleration, limitations period ran from date of notice of acceleration); (3) accordingly, the March 10, 2016 rescinding of acceleration was within the four-year statute of limitations; (4) abandonment of the acceleration restored the contract and the

period of limitations did not commence until the note matured on January 1, 2018; and (5) Nationstar's foreclosure on the property was not time-barred. *See Holy Cross*, 44 S.W.3d at 566–67. On this record, we conclude the trial court did not err by granting Nationstar's motion for summary judgment.

We decide Turner's third issue against him.

### 3. Objections to Hyne's Affidavit and Attachments

In his second issue, Turner asserts the trial court erred by "overruling" his objections to Hyne's affidavit and the attachments thereto. The record does not show a ruling by the trial court on Turner's objections. Moreover, our conclusion above that the trial court did not err by granting summary judgment in favor of Nationstar was based solely on evidence other than Hyne's affidavit and the attachments thereto. Consequently, we need not reach Turner's second issue. *See Laird Hill Salt Water Disposal, Ltd. v. E. Tex. Salt Water Disposal, Inc.*, 351 S.W.3d 81, 95 (Tex. App.—Tyler 2011, pet. denied) ("To reverse a judgment based on a claimed error in admitting or excluding evidence, the party must show that the error probably resulted in an improper judgment.").

### III. MOTION FOR SANCTIONS

In addition to asserting the three issues described above, Turner states in his brief in this Court that he "motions the court for leave on sanctions against Nationstar and its attorneys for filing a frivolous MSJ." Because we concluded above that the trial court did not err by granting summary judgment in favor of Nationstar, we deny Turner's motion for sanctions.

## IV. CONCLUSION

We decide Turner's first and third issues against him. Consequently, we need not reach Turner's second issue. The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

171053F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EARL L. TURNER, Appellant

No. 05-17-01053-CV     V.

NATIONSTAR MORTGAGE, LLC,
Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-04837.
Opinion delivered by Justice Lang, Justices
Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee NATIONSTAR MORTGAGE, LLC recover its costs of
this appeal from appellant EARL L. TURNER.

Judgment entered this 6th day of September, 2018.